NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

JUN 11 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUAN COCOLETZI CARRILLO,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-2365

Agency No.
A205-147-082

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 3, 2025**
San Francisco, California

Before: CALLAHAN, BADE, and KOH, Circuit Judges.

Juan Cocoletzi Carrillo, a citizen of Mexico, petitions for review of a

decision by the Board of Immigration Appeals ("BIA") dismissing an appeal from

an order of an Immigration Judge ("IJ") denying his application for cancellation of

removal for certain nonpermanent residents under Section 240A(b)(1) of the

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Immigration and Nationality Act. We have jurisdiction over this appeal under 8 U.S.C. § 1252. Where, as here, the BIA adopts and affirms the decision of the IJ and provides additional reasoning, we review both decisions. *See Husyev v. Mukasey*, 528 F.3d 1172, 1177 (9th Cir. 2008). We deny the petition.

Here, the agency determined that Petitioner failed to demonstrate that his removal would "result in exceptional and extremely unusual hardship" to his two daughters, both of whom are United States citizens. 8 U.S.C. § 1229b(b)(1)(D). We have jurisdiction to review the agency's hardship determination as a mixed question of fact and law, but because "this mixed question is primarily factual," our "review is deferential." *Wilkinson v. Garland*, 601 U.S. 209, 225 (2024).[1] Moreover, "[t]he facts underlying any determination on cancellation of removal" are "unreviewable." *Id.*

To establish the requisite exceptional and extremely unusual hardship, Petitioner "must prove that his citizen relatives would suffer hardship 'substantially beyond that which would ordinarily be expected to result from'" his removal. *Chete Juarez v. Ashcroft*, 376 F.3d 944, 949 n.3 (9th Cir. 2004) (quoting *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 56 (B.I.A. 2001)). "[I]n evaluating

---

[1] Although *Wilkinson* did not define the "deferential" review required for review of "exceptional and extremely unusual hardship" determinations, 601 U.S. at 225, we recently held that the "substantial evidence" standard of review applies, *see Gonzalez-Juarez v. Bondi*, No. 21-927, slip op. at 13 (9th Cir. May 20, 2025). Under any "deferential" standard of review, we would deny the petition.

hardship, the BIA considers the 'ages, health, and circumstances of qualifying' relatives." *Ramirez-Perez v. Ashcroft*, 336 F.3d 1001, 1006 (9th Cir. 2003) (quoting *Monreal-Aguinaga*, 23 I. & N. Dec. at 63).

Petitioner's sole argument on appeal is that the agency failed to properly consider future harm to Petitioner's children and instead improperly focused on the current circumstances of the children in the United States. The agency errs if it "look[s] only to the children's current condition and not to the citizen-children's future condition in the event of their parent['s] removal." *Figueroa v. Mukasey*, 543 F.3d 487, 498 (9th Cir. 2008).

Here, however, the agency applied the correct legal standard and properly considered the citizen-children's future condition in the event of Petitioner's removal. At the time of Petitioner's 2020 hearing, Petitioner's daughters (who were born in 2005 and 2006) were in good health, doing well in school, and had no specialized educational or medical needs. As Petitioner represented that his daughters would stay in the United States in the event of his removal,[2] the agency determined that neither their education nor medical care would be interrupted in the event of Petitioner's removal. The agency also determined that other family

---

[2] To the extent Petitioner now argues that his children would accompany him to Mexico and that the agency erred by failing to consider potential hardships his children would face living in Mexico, this claim is unexhausted. Because Petitioner failed to raise this argument to the BIA, it is not properly before this court. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).

members in the United States—specifically the children's mother (who shares custody with Petitioner)[3] and their uncle (with whom Petitioner lives)—can provide support for the children in the future. The agency noted that Petitioner had been steadily employed as a cook in the United States and had previously been employed as a cook in Mexico. The agency determined that nothing would prevent Petitioner from finding future employment in Mexico and continuing to financially provide for his children. Finally, the agency noted that the children had previously traveled to Mexico for a monthlong visit. The agency acknowledged that Petitioner's removal would cause the children emotional hardship but determined that, because the children could visit their father in Mexico, this hardship would not be "substantially beyond that which would normally be expected." Contrary to Petitioner's arguments, these determinations are appropriately forward-looking. Given the deferential standard of review, *Wilkinson*, 601 U.S. at 225, we conclude that the agency did not err in its determination that Petitioner failed to show that his removal would cause exceptional and extremely unusual hardship to his qualifying relatives.[4]

---

[3] To the extent Petitioner now argues that the agency failed to adequately consider the immigration status of his children's mother, this claim is unexhausted. Because Petitioner failed to raise this argument to the BIA, it is not properly before this court. *See Umana-Escobar*, 69 F.4th at 550.

[4] The temporary stay of removal remains in place until the mandate issues. *See* Dkt. No. 9.

**PETITION DENIED.**